# Richmond.

## MALINDA TURNER v. VIRGINIA FIREWORKS COMPANY AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

January 19, 1928.

Absent, Burks, J.

1. APPEAL AND ERROR—*Workmen's Compensation Act—Findings of Fact by the Industrial Commission.*—The findings of fact by the Industrial Commission in a proceeding under the workmen's compensation act, when supported by the evidence, are binding upon the Supreme Court of Appeals, which cannot consider any other evidence in conflict therewith.

2. WORKMEN'S COMPENSATION ACT—*Accident—Necessity.*—The fact that the injury to claimant in a proceeding under the workmen's compensation act arose out of and in the course of her employment, is not alone sufficient to entitle her to compensation. The injury must be an injury resulting from an accident.

3. WORKMEN'S COMPENSATION ACT—*Phosphorus Poisoning.*—Except where phosphorus poisoning results naturally and unavoidably from an accident, the disease should be classed as an occupational disease, found among those who are required to handle white phosphorus, for which compensation cannot be allowed under the workmen's compensation act.

4. WORKMEN'S COMPENSATION ACT—*Accident—Phosphorus Poisoning—Case at Bar.*—In the instant case, a proceeding under the workmen's compensation act, during the period of her employment in a fireworks plant, claimant suffered from toothache and in rubbing the aching tooth with her fingers conveyed the poison to her mouth. Whether or not the rubbing of the aching tooth with her fingers and getting poison in her mouth was an accident within the meaning of the workmen's compensation act, the Supreme Court of Appeals did not deem it necessary to decide, as if it be admitted that it was an accident it did not follow that the phosphorus poisoning from which claimant suffered was a natural and unavoidable result of the accident, because the diseased tooth was exposed to the phosphorus fumes before she rubbed it and it was equally probable that the poison resulted from such exposure.

5. Workmen's Compensation Act—*Accident—Occupational Disease.*— Under the workmen's compensation act, if a claimant's injuries from phosphorus poisoning were the natural and unavoidable result of an accident, she should be allowed compensation, but if they resulted from an occupational disease, without an accident, there can be no recovery.

6. Workmen's Compensation Act—*Compensation where Injury Might have Resulted from either one of two Causes.*—Where damages are claimed for injuries which may have resulted from one of two causes for one of which the defendant is responsible and for the other of which he is not responsible, the plaintiff must fail if his evidence does not show that the damages are produced by the former cause. And he must also fail if it is just as probable that the damages were caused by the one as by the other, since the plaintiff is bound to make out his case by a preponderance of the evidence.

7. Workmen's Compensation Act—*Accident—Occupational Disease.*—It is not sufficient that the employee contract an occupational disease which arises out of and in the course of the employment, but the disease must result naturally and unavoidably from an accident, otherwise the employee cannot demand compensation.

Error to a judgment of the Industrial Commission.

*Affirmed.*

The opinion states the case.

*B. F. Harris* and *C. A. McKenzie,* for the plaintiff in error.

*S. S. P. Patteson* and *J. H. Rives, Jr.,* for the defendants in error.

West, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Industrial Commission of Virginia denying compensation to Malinda Turner for injuries resulting from phosphorus poisoning acquired during the course of her employment with Virginia Fireworks Company.

The findings of fact by the Commission are as follows:

"Malinda Turner, a colored girl about the age of eighteen years, was employed in the plant of the Virginia Fireworks Company, Incorporated, at Petersburg, Virginia, for several months during the year 1926. While thus employed it was her duty to handle white phosphorus used in the manufacture of fireworks. During the period of her employment she suffered from toothache, and, in rubbing the aching tooth with her fingers, she conveyed the poison to her mouth.

"This is not the first case of phosphorus poisoning which has engaged the attention of the Industrial Commission. Although it was shown beyond the shadow of a doubt that the condition of Malinda Turner was brought about as a direct result of her employment, it cannot, however, be proven that she sustained an accident within the meaning of the Virginia workmen's compensation act (Acts 1918, chapter 400), which explicitly excludes occupational diseases. Therefore, we are reluctantly compelled to deny compensation. A mass of testimony was introduced at the hearing of this case; nevertheless, we feel it unnecessary to review the same for the reason that the facts are identical with those of *Roxana Fultz* v. *Virginia Fireworks Company, Incorporated,* in which case the law has been fully set forth. See *Fultz* v. *Virginia Fireworks Company, Incorporated,* 7 O. I. C. 225."

The facts in the case of *Fultz* v. *Virginia Fireworks Company, Incorporated,* referred to above, as certified by the commission in that case, are as follows:

"Roxana Fultz had been in the employ of the Virginia Fireworks Company, of Petersburg, Virginia, for approximately two years. She consulted Dr. W. M. Logan, a dentist, of Petersburg, on November 26, 1923, to treat a tooth. From the history of the case of her

ailment and the condition of her mouth, he diagnosed the case as phosphorus poisoning. On account of her duties she came in contact with phosphorus fumes which caused necrosis of the inferior maxillary bone. She afterwards was referred to Dr. Guy R. Harrison, a dentist of Richmond, who began the treatment on September 6, 1924, and he also diagnosed the case as phosphorus poisoning. She last worked with her employers on April 7, 1924, when she stopped upon the advice of her physician. The employee's first notice of accident was September 23, 1924. In answer to her application for compensation, the defendants claimed, first, that the claimant had not suffered an accident while in the employ of the Virginia Fireworks Company, within the meaning of the workmen's compensation act, and, second, that the claimant had not given the employer sufficient notice of the accident under section 23 of the act.

" 'Did Roxana Fultz suffer an accident while in the employ of the Virginia Fireworks Company, within the meaning of the workmen's compensation act?' This question must be answered in the negative."

[1] The findings of fact by the Commission, when supported by evidence, are binding upon this court. We cannot consider any other evidence in conflict therewith. *Stonega Coke & Coal Co.* v. *Sutherland,* 136 Va. 489, 118 S. E. 133.

[2] It clearly appears from the facts certified by the Commission that the injury to the plaintiff arose out of and in the course of her employment. But this is not alone sufficient to entitle her to compensation. The injury must be an injury resulting from an accident.

Section 2 (a) of the act provides: " 'Injury' and 'personal injury' shall mean only injury by accident

arising out of and in the course of the employment and shall not include a disease in any form, except where it results naturally and unavoidably from the accident."

[3] The Commission certifies that the facts in the instant case are identical with the facts in the *Roxana Fultz Case, supra.* In each case claimant was exposed to white phosphorus fumes and was suffering from phosphorus poisoning. Except where the poisoning results naturally and unavoidably from an accident, the disease should be classed as an occupational disease, found among those who are required to handle white phosphorus, for which compensation cannot be allowed.

[4] It appears from the certificate of facts that during the period of her employment claimant "suffered from toothache and in rubbing the aching tooth with her fingers conveyed the poison to her mouth. Whether or not the rubbing of the aching tooth with her fingers and getting poison in her mouth was an accident, within the meaning of the workmen's compensation act, we deem it unnecessary to decide. If it be admitted that it was an accident, it does not follow that the phosphorus poison from which she suffered was the natural and unavoidable result of the accident. The diseased tooth was exposed to phosphorus fumes before she rubbed it, and it is equally probable that the poison resulted from the phosphorus fumes to which it was exposed rather than to the rubbing of the tooth, since it appears from the facts in the *Fultz Case* that *she* came in contact with phosphorus fumes which gave her phosphorus poison and caused necrosis of the inferior maxillary bone.

[5, 6] If claimant's injuries were the natural and unavoidable result of an accident, she should be allowed compensation, but if they resulted from an occupational disease, without an accident, there can be no recovery.

Since the disease may have resulted from either of the two causes for one of which the employer is liable and for the other of which he is not liable, the burden was on the claimant to show that her injuries resulted from the former.

"Where damages are claimed for injuries which may have resulted from one of two causes for one of which the defendant is responsible and for the other of which he is not responsible, the plaintiff must fail if his evidence does not show that the damages are produced by the former cause. And he must also fail if it is just as probable that the damages were caused by the one as by the other, since the plaintiff is bound to make out his case by a preponderance of the evidence." *Honaker* v. *Whitley*, 124 Va. 206, 97 S. E. 811.

[7] "It is not sufficient that the employee contract an occupational disease which arises out of and in the course of the employment, but the disease must result naturally and unavoidably from an accident, otherwise the employee cannot demand compensation." *Clinchfield Carbocoal Corp.* v. *Kiser*, 139 Va. 451, 124 S. E. 271.

There being no proof that the injury to the claimant resulted naturally and unavoidably from the rubbing of the phosphorus upon her tooth, the judgment of the Commission will be affirmed.

*Affirmed.*