# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## HELEN TOLER v. YELLOW CAB COMPANY OF VIRGINIA, INC.

January 19, 1942.

Record No. 2460.

Present, All the Justices.

The opinion states the case.

*J. Sheppard Potts, Thomas A. Williams, L. C. O'Connor* and *Thomas A. Williams, Jr.,* for the plaintiff in error.

*Leith S. Bremner, Oscar L. Shewmake* and *Parrish, Butcher & Parrish,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

The plaintiff, Miss Helen Toler, a young lady twenty-three years old, went to the office of Dr. Wright, a dentist in Richmond, to have a wisdom tooth pulled. He administered a local anaesthetic. The operation itself took about twenty-five minutes, in the course of which she fainted. She then secured the services of a taxi operated by the Yellow Cab Company and started home. The cab moved across the Fourteenth street bridge and south on Hull street in old Manchester.

Fourth street crosses Hull at right angles, and it was the intention of the cab driver to turn east on Fourth street at the intersection. It was at this intersection that a car, driven by Dr. J. R. Grinels, came into collision with the cab. The front fender of the automobile hit the left front fender of

the cab. This was the situation at that time as described by the plaintiff:

"We were coming south on Hull street and we were making a left turn into Fourth street. I was reclining on the back of the seat with my eyes closed, trying to relax, when another car hit the cab and jolted the cab and the stopping of the cab threw me in the floor of the cab. My clothes were disarranged and as quickly as possible I got to the seat and just as this other car hit the cab the driver said, 'Another fool driver,' and then after the cab—after the car had hit the cab we completed our turn into Fourth street and the car went to the left side of Hull street and parked on the wrong side."

[■ ■ She further tells us that the car and the cab "stopped for a couple of seconds and then went to different places to park." This is the substance of her testimony as to facts. No other witness has testified to what then occurred. She bases her case upon inferences and deductions. Her claim is that the position of the cab indicates that it did not go around the center of Fourth street before undertaking to turn to the east, and for that reason, in part, at least, the collision occurred. She never saw Grinels' car at all until she had climbed back to her seat in the taxicab, and she knew nothing about the position of the cab in the street until it came to rest. What signals were given we do not know. Since Dr. Grinels and the taxicab driver were not engaged in some common undertaking, independent acts of negligence must be shown in order to hold them liable; and if only one of them was negligent, that, too, must be shown. Something more than an accident and an injury is necessary to sustain a recovery. No judgment for damages suffered can rest upon guesswork. *General Accident, Fire & Life Assur. Corp.* v. *Murray*, 120 Va. 115, 90 S. E. 620; *Turner* v. *Virginia Fireworks Co.*, 149 Va. 371, 141 S. E. 142.

This case has been twice tried. At the first trial there was a hung jury. Here, when plaintiff had rested, there was a

motion to strike, which, after some hesitation, was sustained. Thereupon a verdict for the defendants was brought in.

It was argued at length, during the course of which the court said:

"Gentlemen, I don't think this plaintiff has borne the burden in this case. In the last case there was a different situation altogether. She called your own witnesses and proved by your witnesses facts that I had to let go to the jury. In this case there is nothing in the world but inferences, no positive testimony, as to the negligence of anybody. We have to guess at the whole thing if it goes to the jury. I am not going to let the jury guess on it. I am going to sustain the motion."

It further said:

"Your case is purely a guess. The girl herself said the car came around this way and made a proper turn and stopped in Fourth street like the law required him to stop; nothing improper in that. When you take her testimony and read it like I have three or four times you will see the whole thing she testified is he made a proper turn and stopped properly in Fourth street. Is there anything improper in that?"

We do not know how this collision came about. It may have been in the manner suggested by the plaintiff; it may have been due to one of many other causes. We do not know and can not guess.

After the evidence was all in and after the court had indicated its purpose to strike, the plaintiff asked to be permitted to call Dr. Grinels as a witness. He had testified at the first trial and so she knew what his evidence in all probability would be. Moreover, he was present in court during this trial and with him there she had seen fit to close her case. The plaintiff was taking chances and was gambling upon the rule of the court on the motion to strike. The admission of this testimony in the light of the facts stated was within the sound discretion of the trial judge. *Gaines* v. *Campbell*, 159 Va. 504, 166 S. E. 704.

It is earnestly insisted that Miss Helen Toler was not in-

jured at all but since she has no case it is not necessary that we examine the evidence on that subject.

█ The judgment of the trial court is plainly right and should be affirmed.

*Affirmed.*