## Richmond

FRED W. RICHTER, ADMINISTRATOR OF THE ESTATE OF WILLIAM CLYDE KNIGHTON, DECEASED v. CORA L. SEAWELL, ADMINISTRATRIX OF THE ESTATE OF ALVIN C. SEAWELL, DECEASED.

November 20, 1944.

Record No. 2831.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Preston P. Taylor*, for the plaintiff in error.

*Reuben E. Spandorfer*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

On the night of August 23, 1941, two young men, William Clyde Knighton and Alvin C. Seawell, left Norfolk, in Knighton's car, bound for Baltimore, Maryland. Between three-thirty and four o'clock the next morning the car was found wrecked, against a tree, about a mile west of Ivor, on the left-hand side of Highway 460 leading from Suffolk to Petersburg. The only occupants of the car, Knighton and Seawell, were dead.

Seawell's administratrix sued Knighton's administrator for damages for the alleged wrongful death of Seawell. The notice of motion for judgment alleged that at the time of the accident Knighton was driving the car, and since no affidavit denying such operation was filed, under Code, section 6126, proof of this allegation was not required. The case was tried on the theory that Seawell was a gratuitous

guest in the car and that his death was proximately due to Knighton's gross negligence. There was a verdict for the plaintiff below upon which the trial court entered judgment, but only after expressing considerable doubt as to the sufficiency of the evidence to sustain it.

.The sole question presented to us is whether there was sufficient evidence to warrant the jury in finding that Knighton was guilty of gross negligence which was the proximate cause of his companion's death.

The tragedy was reported to the headquarters of the State police at Smithfield, some twenty-two miles away, at about three-thirty a. m. Within an hour an officer was on the scene. At the point where the car was found the road is straight for a considerable distance in either direction, is practically level, is paved to a width of forty-two feet, is flanked by dirt shoulders, and is designed for four-lane travel.

The officer found marks on the road which indicated to him that the car had gone off the pavement on the right-hand side and had traveled along the dirt shoulder for a distance of one hundred and eighteen yards, that it had then swerved to the left onto the pavement and after skidding sideways to the left, had proceeded diagonally along the pavement for a distance of approximately seventy-four yards, had gone thence off the pavement on the left and down a seven-foot embankment, and had struck a tree some twenty-seven feet to the left of the road. The car was demolished, the motor and radiator having been thrown clear of the body.

When the officer arrived at the scene a drizzling rain was falling, but there is no evidence as to how long this condition had existed, or what was the state of the weather at the time of the accident. There were no eyewitnesses to the tragedy, and no one knows when or how it occurred.

While the physical facts which we have just stated justify the inference that the car was proceeding at considerable speed, there is nothing to indicate that the speed itself was so great as to constitute gross negligence, or that it was the proximate cause of the accident.

Neither is there any indication that the speed was in excess of the maximum of fifty-five miles per hour then permitted by the statute, or that such maximum speed under the existing conditions, where the road was wide, straight and level, would have been grossly negligent. It is a matter of common knowledge that if an automobile, traveling at fifty-five miles per hour, or less, gets out of control it may behave in a manner which seemingly defies all laws of physics and may be completely demolished when it strikes an immovable object.

Evidently, for some reason the driver of this car lost control of it, but there is a total lack of evidence as to what caused this. The fact that it ran off the pavement on the right was probably, at least, a contributing factor, but the record is likewise silent as to why this occurred. It may have been due to a number of reasons, any one of which would have been consistent with the lack of gross negligence on the part of the driver. He may have been crowded off the road by another vehicle, or blinded by the lights of an oncoming car. The investigating officer testified that traffic was heavy along this highway, even at night. Again, a sudden illness of the driver, or a sudden break in the mechanism of the car, may have caused it to leave the highway.

As we have many times said, there is no presumption of negligence on the mere happening of an accident. On the contrary, the party who affirms negligence must establish it by a preponderance of the evidence. The evidence must show more than a probability of a negligent act. An inference cannot be drawn from a presumption, but must be founded upon some fact legally established. See *Arnold* v. *Wood*, 173 Va. 18, 24, 3 S. E. (2d) 374, 376, and authorities there cited.

It is true that gross negligence, as well as simple negligence, may be proven by circumstantial evidence, and we so held in *Hackley* v. *Robey*, 170 Va. 55, 195 S. E. 689, relied upon by the plaintiff below. But that case is readily distinguishable from the case at bar. That accident occur-

red at night in the city of Richmond, where Broad street narrows as it passes over a bridge. Although the locality was brightly lighted, and was known to the driver of the car, he drove his vehicle at a high rate of speed into this constricted passageway. The car failed to take the curve, went up over the curb, struck a lamp-post, turned over, and was demolished, killing one of the occupants. We held that the facts and circumstances showed that the driver was guilty of gross negligence.

But in order for the plaintiff to prevail, the circumstantial evidence relied on must show something more than that the injuries complained of may have resulted from one of two causes, for one of which the defendant is responsible and for the other of which he is not. *Pearcey* v. *St. Paul Fire, etc., Ins. Co.*, 163 Va. 928, 931, 932, 177 S. E. 843.

Since, in our opinion, the evidence here fails to show that the accident was due to the gross negligence of Knighton, the alleged driver of the car, the judgment complained of will be reversed and a final judgment will be here entered for the plaintiff in error, the defendant below.

*Reversed and final judgment.*