# Richmond

ELBERT W. GUTHRIE v. C. A. CARTER.

January 16, 1950.

Record No. 3548.

Present, Gregory, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*William T. Parker* and *Leo P. Blair,* for the plaintiff in error.

*Ashburn, Agelasto & Sellers* and *Harry A. Brinkley,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The only question presented on this writ of error is whether the trial court erred in striking out the evidence offered by the plaintiff to support his action for damages for injuries claimed to have been caused by the defendant's negligence.

The accident happened at about 7:00 p. m., October 31, 1947, near Cradock, in Norfolk county, on the George Washington highway, which is a three-lane highway running north and south at the place of accident. The road was straight and the view unobstructed on each side of the place where plaintiff was struck. The speed liimt was 25 miles an hour.

The plaintiff, Guthrie, twenty-five years old, testified that he was employed at the Navy yard but was off from work

on October 31 and had been painting his apartment on Key street. Between six and six-thirty p. m. he left his apartment and went to the Va-Car tavern, which was near the highway and about three blocks south of Key street. He stated he was there ten or fifteen minutes, drank two bottles of beer, bought twelve Phillies cigars and some cigarettes, which he put in the front pockets of the field jacket he was wearing. He then left the tavern, crossed the highway and was walking north on his way to borrow a paint brush in Cradock when he was struck and seriously and permanently injured. Both legs were broken; he was in a hospital 99 days and was still under medical treatment when the case was tried, more than a year after the accident.

He did not know who hit him and could give no definite account of how it happened, or even from what direction the car came that he supposed struck him. He said that after he had walked something like four of five blocks from the tavern he remembered a bright flash, and that was all he remembered. When he regained his senses he was in the hospital.

On the east side of the highway was a sidewalk; and on the west side was a shoulder, on part of which was grass and at the west edge of the grass was a hedge eight or ten feet high. A photograph filed in evidence indicates that the grass grew up close to the hard surface but a police officer testified it was not that way and that there was at least six feet of shoulder on that west side where people could walk. The plaintiff was asked whether he was walking on the hard surface or the dirt part and he said, "So far as I remember, I was on the dirt part." He said that as well as he remembered he was on his left side of the highway, all the way down, but "I don't remember for sure;" that he had a habit of walking on the left, and there was plenty of room over there. On cross-examination he said he did not have any recollection whether he was walking on the shoulder; that he had a slight recollection of seeing a flash, caused by the lights from the car, but he did not remember

whether the flash was in front of him or behind him. He did not remember "for sure" whether he had walked three or four blocks along the west side of the highway, or had just crossed from the east to the west side a few minutes before; and he did not know "for sure" whether he was on the shoulder or on the hard surface when he was struck. Up to the time he was struck there were several automobiles coming toward him, he thought.

Police Officer Barrow testified he got a report of the accident about 7:25 p. m. and went to the scene with Officer Wilson. Plaintiff had already been taken to a hospital. They could find no skid marks, but found six Phillies cigars scattered along the edge of the grass on the west side of the hard surface. They also found on the hard surface, near the east line marking the west lane, a broken aerial from a car, 90 feet south of the first cigar. The night was clear, dry and dark. There were lights on the corners between which the accident occurred, but their distance away was not shown, nor was it shown whether they were burning at the time of the accident. The cigars were scattered at different distances along the highway but it was not shown how far apart they were, nor how far the aerial was south of the last cigar.

Barrow went back to the scene about thirty minutes later with Officer Kelley, but did not find anything more. Kelley testified that some of the cigars had then been picked up, but he saw one in the grass by using his flashlight. He volunteered the statement that he talked to the defendant, Carter, that night about the accident, but nobody asked him and he did not tell what Carter had said about it.

C. W. Adams, whose wife was an aunt of Guthrie's wife, testified that the defendant came to his house a month after the accident; that he asked him how the plaintiff got hit and Carter said, "I hit him;" that it happened at Cradock around the hedges; that he said "it looked to him he appeared from no where."

That was all the material evidence offered by the plaintiff.

The defendant offered none, but moved, as stated, to strike out the plaintiff's evidence, which the court sustained on the ground, as shown by the final order, that no negligence had been proved on the part of the defendant. It is clear that in the state of the evidence that action was required.

In such a case negligence cannot be presumed from the mere happening of the accident. The burden was on the plaintiff to prove that it was due to the negligence of the defendant as a proximate cause. What is proved must establish more than a probability of negligence. Inferences must be based on facts, not on presumptions. It was incumbent on the plaintiff to show why and how the accident happened. If that is left to conjecture, guess or random judgment, the plaintiff is not entitled to recover. *Chesapeake, etc., Ry. Co.* v. *Heath,* 103 Va. 64, 48 S. E. 508; *Arnold* v. *Wood,* 173 Va. 18, 3 S. E. (2d) 374; *Toler* v. *Yellow Cab Co.,* 179 Va. 38, 18 S. E. (2d) 250; *Richter* v. *Seawell,* 183 Va. 379, 32 S. E. (2d) 62.

Unless the plaintiff had made out a *prima facie* case there was no duty on the defendant to bring forward any evidence or to introduce any testimony to explain the accident or show how it happened. *Arnold* v. *Wood, supra; Darden* v. *Murphy,* 176 Va. 511, 11 S. E. (2d) 579.

All that the plaintiff's evidence established was that he was struck by a car and that the defendant said he hit him, when, as it seemed to him, the plaintiff appeared from nowhere. The plaintiff could not be sure whether he was then walking on the shoulder or on the hard surface; he did not remember whether he had walked three or four blocks along the west side of the highway, or had just crossed over; he did not see the car that struck him and he could not say whether the flash of lights that he saw came from behind or in front of him. It might be conjectured that he was struck while walking in the grass on the shoulder of the road because that was where cigars like the ones he had bought were found, but, so far as the evidence shows, there were no tire marks there, and it might as readily be

supposed that he dropped them out of his pocket for some other reason. It is not even shown where the plaintiff was picked up in relation to where the cigars were, or on which side of the road, nor was it shown that the aerial found in the road had ever been on defendant's car.

There is no evidence of unlawful speed on the part of defendant, or of his failure to keep a lookout. For all that is shown, he could have been traveling at twenty miles an hour or at eighty miles; and he could have been looking ahead without seeing the defendant as he "appeared from no where." We have proof of the accident and the injury, but no evidence to connect that effect with any negligence of the defendant as a cause. The connection cannot be supplied by guess and supposition. The burden was on the plaintiff to take his case beyond that realm and into the field of fact and allowable inference from fact. He did not do so and on the evidence he presented a verdict in his favor could not have been sustained. That being true, it was proper for the court to sustain the defendant's motion to strike. *Green* v. *Smith*, 153 Va. 675, 151 S. E. 282; *Barnes* v. *Mabry*, 186 Va. 243, 42 S. E. (2d) 304.

In this view of the case we do not reach, and it is not necessary to decide, the additional ground assigned and argued by the defendant in support of his motion to strike— *i. e.*, that under section 2154(126)(g) of the Code, 1948 Cum. Supp. (Michie), Acts 1944, ch. 388, p. 616, the plaintiff himself was guilty of negligence in not using the sidewalk on the east side of the road.

The judgment below is

*Affirmed.*