# Richmond

## Eva Clary Edmonds v. Mecklenburg Electric Cooperative, A Corporation.

November 28, 1955.

Record No. 4428.

Present, Hudgins, C. J., and Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Thomas E. Warriner, Jr.,* for the plaintiff in error.

*A. S. Harrison, Jr.,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Mrs. Edmonds, plaintiff, filed a motion for judgment against

Mecklenburg Electric Cooperative, defendant, for damages which resulted from a sprain suffered by her when she allegedly "stepped or fell into a hole or excavation" left on her property.

On July 22, 1954, the case was tried before a jury, resulting in a verdict for the plaintiff in the sum of $750. The defendant moved that the verdict be set aside and the court took the motion under advisement. On September 23, 1954, an order was entered sustaining the motion on the ground assigned "* * * that the plaintiff failed to show or establish any causal connection between the negligence * * * and the injury * * *." Accordingly, over the objection of plaintiff, judgment was entered for the defendant. We granted plaintiff a writ of error.

In the pleadings and at the trial defendant denied any negligence on its part, and it charged and attempted to prove contributory negligence on the part of plaintiff. On appeal, however, defendant's negligence was conceded and the claim of contributory negligence was abandoned.

The sole question therefore is: Was there causal connection between defendant's negligence and plaintiff's injury?

Under this state of the record it is necessary to relate the material evidence bearing on the question. It is disclosed that the situs of the happening was in a rural section, where plaintiff, her husband, and young daughter lived (the age of the child not being stated); that the family was engaged in farming and operated a country store; that they had granted defendant an easement to plant poles and run transmission lines over their property; that there was an outside privy located approximately 75 or 80 feet from the store; that the path leading to the privy was "rocky" and extended downhill; that on the day before the night of the accident employees of the defendant company came on the premises for the purpose of digging holes preparatory to the extension of a power line; that they undertook to dig a hole for a brace wire between the store and the privy; that in digging the hole they struck rock and thereafter used dynamite in the operation; that after the dynamite shot they left the uncovered hole, intending to return the following day and complete the task; that plaintiff knew the hole was being dug but did not know it was left open and unguarded.

Plaintiff testified that later in the evening she and her daughter were at the store; that it was after dark and plaintiff's husband had not returned from work; that the child expressed a desire "to be

excused", and plaintiff started down the path with her, the child "walking or running" in front; that the child stumbled and fell at a point in the path where it led past the hole; that "she fell down, in front of me and I made a step and reached to pick her up and picked her up and when, all I know is I was in the hole the next thing". Mrs. Edmonds stated that the pain was severe and she momentarily fainted.

Plaintiff also testified that when she regained her senses she was sitting on the side of the hole with her daughter in her arms; that her right leg was "kinda crumpled up under me" and it was hurting badly; that her left leg "was all skinned up all over the front" and was "dangling" in the hole.

The situation of the plaintiff after the fall, with the child in her arms, and what happened just before the fall when she stooped in the path to pick the child up, was repeated many times by the plaintiff in answer to questions couched in various terms. It was clearly established by the plaintiff and other witnesses that the open hole was within "a step" of the path.

The able counsel for the defendant cross-examined plaintiff in an attempt to show that she did not know how the accident happened or what part, if any, the hole played in relation to her injury. On cross-examination plaintiff stated: "When I knew anything, I was just in the hole. *I don't know just how it happened.*" (Emphasis added).

Defendant argues that plaintiff was "in the path when she fell", and "she doesn't say she stepped in the hole"; that "plaintiff testified that when she 'came to' she was sitting on her right leg (the injured ankle), with her left leg dangling in or over the hole. * * * She frankly says she doesn't know what happened. * * * She doesn't know how she got out of the path and over to the opening or hole."

Evidence of defendant's workmen was to the effect that when they returned to the premises the following morning Mrs. Edmonds complained of her injury and stated that she had fallen into the hole near the path; that they examined the hole and the dirt in and around it had not been disturbed.

Defendant contends that if plaintiff did not know how the accident happened the jury should not have been permitted to speculate on the subject; that the burden was on the plaintiff to prove her case by a preponderance of the evidence and to show causal connection between her injury and the existence of the hole;

that the evidence disclosed that the child was picked up by plaintiff in the path and therefore no causal connection was shown between the existence of the hole and the injury. Therefore, it is argued, plaintiff's case can be no stronger than her evidence makes it. *Massie* v. *Firmstone*, 134 Va. 450, 114 S. E. 652.

In analyzing our holding in the *Massie* case, *supra*, we have said in personal injury cases that where a plaintiff of average intelligence and in possession of his faculties, while detailing the circumstances of the happening, clearly and unequivocaally testifies to facts which show as a matter of law that he has no case, he is bound thereby and cannot recover. That this is the effect of his testimony, however, must appear from a fair study of his evidence as a whole and not by reference to isolated statements adverse to his claim. *Crew* v. *Nelson*, 188 Va. 108, 114, 115, 49 S. E. (2d) 326, 329.

The converse of the rule is that unless the testimony of the plaintiff shows clearly and unequivocally that he has no case, or where reasonable men may differ as to the effect of his testimony, then in that event the plaintiff is not concluded thereby. In such a situation the question becomes a factual one, where the evidence of the plaintiff is to be considered as a whole, together with other evidence, if any, and the issue determined by the jury. *Vaughan* v. *Eatoon, et al.*, 197 Va. 459, 89 S. E. (2d) 914, this day decided.

In the instant case it is conceded that this unguarded hole was left within "a step" of the path; that the child fell in the path at a point next to the hole; that the plaintiff rushed forward to pick up the crying child; that after she had picked up her child she fell and was thereafter momentarily "blacked out"; that when she regained consciousness she had the child in her arms and was sitting on the edge of the hole with her right leg folded under her and her left leg, scarred and bruised, "dangling" in the hole.

In our view, the related circumstances presented a jury question. The fact that plaintiff stated on cross-examination that she did not know just what happened is not sufficient to take the case from the jury. The jury had a right to determine that while in the act of picking the child up plaintiff stepped in the hole.

The jury was fully instructed, without objection, on the question of causal relationship. They had the advantage of seeing and hearing the witnesses as they testified, and, it being the primary function of a jury to weigh and evaluate evidence, their finding of fact on an issue should not be disturbed unless it plainly appears that they have

abused the wide scope of authority accorded them as reasonable men. *Vaughan* v. *Eatoon, et al., supra.*

Under the circumstances, it was for the jury to determine whether or not the admitted negligence of the defendant was the proximate cause of the injury complained of, and it was error to disturb the verdict.

For the reasons stated, the judgment is reversed, the verdict reinstated, and final judgment is here entered for the plaintiff.

*Reversed and final judgment.*

SPRATLEY, J., dissenting:

I agree with the trial judge that the plaintiff, Mrs. Edmonds, failed to show any causal connection between the alleged negligence of the defendant and the injuries she sustained. I think the judge was correct in stating in his judgment order that he should have sustained the motion of the defendant to strike the plaintiff's evidence.

Plaintiff knew that the hole had been dug near the downhill, rocky path leading to her outhouse. She said that while walking down that path with her child in front of her, the child stumbled and fell. She, Mrs. Edmonds, stooped and took up the child in her arms, made a step, fell, and lost consciousness, and when she regained consciousness she was sitting on her injured right ankle with her left leg dangling over the hole.

The injuries to the plaintiff resulted from her fall. The controlling issue, therefore, is whether the existence of the hole to the right of the path she was traveling had anything to do with her fall. In her testimony, she repeatedly said that she was in the path when she fell. Thereupon she immediately became unconscious. Asked if she and the child "were both in the path at that time", she replied "Yes, sir." The hole was a step, "about three feet" from the path. She did not know why or how her left leg happened to be dangling over the top of the hole.

We are not told what caused her to fall, how far she fell, why her left foot was in or over the hole, nor what she did while unconscious. She did not say, at any time, that she stepped in the hole. She frankly said that she did not know what happened. She could

not have stepped in the hole, if she had stayed in the path, and she did not connect the hole with her fall other than to state the position in which she found herself upon regaining consciousness.

Three witnesses, who examined the hole on the morning following the accident, testified, without contradiction, that the ground around it showed no evidence of having been disturbed; there were no footprints in the hole, and no dirt or debris knocked therein.

The burden in this case rested upon the plaintiff to establish the causal connection between the negligence of the defendant and the damages sustained by her beyond a mere conjecture. To entitle her to a recovery, it is required to be shown that there was causal connection by natural and unbroken sequence between the negligence complained of and the injury sustained. *Virginian Ry Co.* v. *Haley,* 156 Va. 350, 381, 157 S. E. 776; *Wallace* v. *Jones,* 168 Va. 38, 42, 190 S. E. 82.

"Negligence and an accident, however, do not make a case. As between them there must be causal connection. 'The evidence tending to show causal connection must be sufficient to take the question out of the realm of mere conjecture, or speculation, and into the realm of legitimate inference, before a question of fact for submission to the jury has been made out * * *.' 'Peradventure' is not enough. * * * 'Perhaps' is not enough." *Hawkins* v. *Beecham,* 168 Va. 553, 561, 191 S. E. 640, 643.

Plaintiff twice said that she did not know what caused her to fall. We know from her own statements that she did not step into the hole with either foot. She was a "step" away from the hole when she started to fall. No one knows what actually happened, and we can only speculate or conjecture as to the cause of her fall. It might have been caused by a turn of her ankle on the rough, rocky, sloping path, an ideal setting for such a mishap; by the hurried motion of plaintiff to pick up her child; or some other circumstance not in evidence. The facts, however, that the child had already fallen in the rocky path, undisturbed condition of the hole after the accident, and plaintiff's repeated statements that she was in the path, with the child in her arms, when she fell, seem to make more plausible the speculation that her fall was due to the condition of the path, than that it was caused by any other circumstance.

Here, Mrs. Edmonds was definite as to where she stumbled, but wholly indefinite as to what caused her to stumble. As Mr. Justice Buchanan said in *Guthrie* v. *Carter,* 190 Va. 354, 57 S. E. (2d) 45,

where the plaintiff met with an accident but could give no definite account of how it happened: "We have proof of the accident and the injury, but no evidence to connect that effect with any negligence of the defendant as a cause. The connection cannot be supplied by guess and supposition. The burden was on the plaintiff to take his case beyond that realm and into the field of fact and allowable inference from fact. He did not do so and on the evidence he presented a verdict in his favor could not have been sustained."

In *Guthrie* v. *Carter, supra,* 190 Va. page 358, Mr. Justice Buchanan, citing a number of Virginia cases, further said:

"In such a case negligence cannot be presumed from the mere happening of the accident. The burden was on the plaintiff to prove that it was due to the negligence of the defendant as a proximate cause. What is proved must establish more than a probability of negligence. Inferences must be based on facts, not on presumptions. It was incumbent on the plaintiff to show why and how the accident happened. If that is left to conjecture, guess or random judgment, the plaintiff is not entitled to recover."

I am disposed to follow the sound doctrine above stated, and for that reason think that the judgment of the trial court should be affirmed.