## CIRCUIT COURT OF CHESTERFIELD COUNTY

C. & P. Telephone Co.

v.

Marshall

December 7, 1987

Case No. (Law) 1822-87

By JUDGE HERBERT C. GILL, JR.

This case came before me on November 2, 1987, at 10:30 a.m. on the motion of plaintiff, C. & P. Telephone Company, for a rehearing. Although only counsel for plaintiff made a personal appearance, both parties presented written memoranda outlining their respective positions.

Counsel for plaintiff urges that the trial court erred in striking plaintiff's evidence at the close of its case-in-chief, arguing the doctrine of *res ipsa loquitur* applies. The doctrine does not apply in the case at bar, however, because evidence regarding fault was available.

During plaintiff's case-in-chief, defendant was called as an adverse witness. Defendant testified his vehicle became uncontrollable, and he was forced to leave the paved portion of the roadway, when the tie rod on his vehicle disengaged. Counsel for plaintiff now argues that defendant's explanation is self serving and the doctrine of *res ipsa loquitur* applies. But *res ipsa loquitur* is only to be applied in the absence of evidence regarding the cause of an accident. It may not be used to *overcome* evidence tending to exonerate the defendant. In a similar case the Supreme Court stated "it is well settled in this state that [*res ipsa loquitur*] applies only in the absence of evidence and when the cause of the accident is not explained. It does not apply where, as in the instant case, there is evidence explaining the cause of the accident

[citations omitted]." *Arnold v. Wood*, 173 Va. 18, 25, 3 S.E.2d 374 (1939).

Without the aid of *res ipsa loquitur*, it is evident plaintiff failed to state a prima facie case. If the court believes the testimony of the defendant, then the accident was caused by a mechanical failure for which defendant is not responsible. If, on the other hand, the court were to disbelieve defendant's testimony, then we have no evidence as to how the accident occurred. In either case, plaintiff has failed to overcome its burden of proof.

The motion for rehearing is denied.