# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## BEER DISTRIBUTORS, INC. v. C. A. WINFREE, SR.

March 13, 1950.

Record No. 3598.

Present, All the Justices.

The opinion states the case.

*Breeden & Hoffman* and *George V. Credle, Jr.,* for the plaintiff in error.

*C. Dodson Morrisette,* for the defendant in error.

Gregory, J., delivered the opinion of the court.

C. A. Winfree instituted an action at law against Beer Distributors, Inc., for damages to his trailer, alleged to have been occasioned by the negligence of the defendant. He recovered a verdict for $1,500 which was approved by the trial court.

On Friday, June 4, 1948, the defendant engaged the plaintiff to haul a heavy load of beer from Newport News to the defendant's place of business in Norfolk. The beer was hauled in the plaintiff's trailer which was attached to his tractor. It arrived that afternoon after business hours, too late to be unloaded. The plaintiff then hauled the trailer to his own yard for the night and advised the defendant of the movement. The next day being Saturday, the defendant's place of business was open only for a half day and the plaintiff was directed by the defendant to deliver the trailer to the defendant's place of business Monday morning. However, it was not delivered until Monday afternoon, and it was placed on the defendant's lot in such a position that it could not be unloaded conveniently at that point. The defendant requested the plaintiff to move the trailer to another place for unloading, which was to be done on Tuesday, June 8. There was some delay on the part of the plaintiff in moving the trailer as requested, and the defendant secured a tractor and driver from someone near his place of business. That tractor was attached to the trailer and it was moved into position to be unloaded around 10:30 a. m. on Tuesday, June 8.

Two hours after the trailer had been moved, around

12:30 p. m., the landing gear upon which the front of the trailer rested when not attached to the tractor slid forward and bent upward, dropping the forward end of the trailer to the concrete driveway, resulting in the alleged damage.

There is evidence which tends to show that the trailer and the tractor were purchased new from the factory by the plaintiff some two years prior to the accident. It had been run some 40,000 miles and the ordinary life of such equipment is 500,000 miles or more. It was of a recognized and reputable make, and from six p. m. Friday, June 4, until it collapsed on the following Tuesday around 12:30 p. m., it had been resting on the landing gear, either at the plaintiff's yard or at the defendant's yard, a period of 88½ hours without accident.

It is claimed that the tractor which the defendant secured to move the trailer had small tires, and therefore it could not lift the front end of the trailer high enough to lower its landing gear to a perpendicular position. However, this claim is not supported by the evidence for it is uncontradicted that the landing gear was in a perpendicular position after the movement.

The evidence of the driver of the tractor who moved the trailer was that he was familiar with such an operation, and that the tractor used was equipped with proper brakes to operate the braking equipment on the trailer. He testified as to the method employed and the manner of performance in moving the trailer and that it was the usual method. There is no evidence that anything which was done in the movement of the trailer was improperly done.

It is emphasized that this action was not brought upon contract but in tort. The allegation of the notice is, "in moving or attempting to move said trailer while at your place of business as aforesaid, plaintiff alleges that you did same in a negligent and careless manner and as a result of your said negligence and carelessness the forward part of said trailer, including the landing gear thereof, was wrecked."

When we examine the evidence critically we find no

affirmative evidence of negligence of the defendant which was the proximate cause of the accident. At the risk of some repetition, we restate the plaintiff's claim. He says the trailer was comparatively new when it was placed in defendant's lot; that it was in good condition; that it was perfectly resting upon its landing gear when left by the plaintiff; that it was heavily loaded with beer, and while under the defendant's control and upon its lot it was moved, and 2½ hours afterwards collapsed; that it had previously rested on its landing gear on plaintiff's and defendant's lots a period aggregating 88½ hours without collapse, and that it could have been moved by the plaintiff's tractor without accident. Thus he maintains he has shown the defendant's negligence.

Witness Clark, a mechanic, testified that he inspected the trailer after it had collapsed and that he did not know the cause of it, but that the cross-members and the flooring of the trailer, to which the landing gear was attached, had given away.

The defendant introduced witness Ward, a shop foreman, who was entirely familiar with tractors and trailers. He said he could not state the cause of the collapse of the landing gear; that it had gone forward as it collapsed; that if it had not been screwed down as far as proper it would have collapsed to the rear instead of forward, and that indicated that the landing gear "was at its proper stop forward".

██ From the testimony it is quite clear that why and how the accident occurred is not shown. The burden of making such a showing was upon the plaintiff. It cannot be properly concluded from the evidence whether the collapse was caused by improper movement of the trailer, by defective equipment, or by accident. If any one of these might have been the cause then the plaintiff must fail because it is his duty to single out and point with reasonable certainty to the cause. To say that either negligent handling of the trailer or defective equipment was the cause would

be to indulge in pure speculation. If we were to indulge in speculation we could just as reasonably conclude that the accident occurred without negligence, or that the trailer had stood too long on the landing gear which might have been weakened thereby, or it might have aggravated a defective condition which might have hastened and increased the probability of a break. The law, however, does not permit verdicts and judgments to stand that are based on such uncertain and unreliable evidence. Negligence is never to be presumed, but must always be proven.

If the doctrine of *res ipsa loquitur* does not apply in this case (and we think it does not), then the plaintiff must fail because he has not shown negligence on the part of the defendant.

The West Virginia court, in speaking of the doctrine in *Hunker* v. *Warner Bros. Theatres*, 115 W. Va. 641, 177 S. E. 629, had this to say: *"Res ipsa loquitur* is not an arbitrary formula, but is a phrase of limited application. The mere fact of an accident does not warrant its application. It is applied only when the circumstances attending the accident, without further proof, are such that in the ordinary course of events the accident could not have happened except on the theory of negligence. In such case, the doctrine raises a presumption or permits an inference of negligence on the part of the proprietor. See generally on this subject Cooley on Torts (4th Ed.) sec. 480; Jones Commentaries on Evidence (2d Ed.) sec. 518; Thompson on Negligence, Vol. 8, sec. 7635; Shearman & Redfield on Negligence (6th Ed.) secs. 58a and 58b."

The doctrine applies only in the absence of evidence. *Arnold* v. *Wood*, 173 Va. 18, 3 S. E. (2d) 374.

In the case at bar it cannot be reasonably deduced from the evidence that the accident happened through the defendant's negligence, and the doctrine never applies in a case of an unexplained accident which may have been attributable to one of two causes, for one of which the defendant is not responsible. *Darden* v. *Murphy*, 176 Va.

511, 11 S. E. (2d) 579, and *Seven-Up Bottling Co. v. Gretes,* 182 Va. 138, 27 S. E. (2d) 925.

Nor can it be reasonably concluded with any degree of certainty from the evidence that in the ordinary course of events the accident could not have happened except on the theory of negligence. As we have already indicated, it is just as likely it might have happened without negligence.

We adopt the observation of Judge Burks in *Hines* v. *Beard,* 130 Va. 286, 293, 107 S. E. 717, 719, as applicable here. There, he said, " 'Much ink has been shed' in the discussion of the doctrine of *res ipsa loquitur,* and we doubt if we can add anything new to the discussion. Text books and notes to cases are filled with it. * * *" Suffice it to say, however, from the evidence in this case it is quite plain that the doctrine has no application.

The judgment is reversed and final judgment for the defendant will be entered here.

*Reversed and final judgment.*