## Baily et ux. v. American Stores Co.

*R. E. Machen*, for plaintiffs.
*P. H. Ferguson*, for defendant.

SMITH, P. J., April 25, 1950.—This matter comes before the court on defendant's motion for a judgment non obstante veredicto. The jury brought in a verdict for Er Baily in the sum of $250, and for Anna Baily, his wife, in the sum of $500.

The facts of this case are that on June 30, 1948, at 11 a.m., plaintiff, Anna Baily, with her son and daughter-in-law and a neighbor, went into an American self-service provision store in Williamstown, N. J., to do some shopping. Plaintiff secured a card entitling her to be waited upon at the meat counter and while waiting for her turn, went to another part of the store to select a can of peas from a pile of cans. In this procedure, she waited upon herself without the assistance of any clerk. The No. 2 cans of peas, each

weighing one pound, four ounces, were on a shelf piled or stacked so that the top cans could be reached by plaintiff, Anna Baily, as she stood flatly on her feet. Between each layer of cans was a cardboard. As plaintiff removed one of the top cans two cans immediately below it fell from the stacked pile of cans, one of them striking and injuring her left leg. Defendant put in no evidence but at the conclusion of plaintiff's case filed a point for binding instructions which was refused by the court.

The sole question here involved is the one of negligence. Anna Baily testified:

"They looked alike to me. They have cardboards underneath them that sticks out a little bit. They looked straight to me, right across. I didn't stop to think about it. I didn't see anything wrong. I just took the can and two of them fell down."

To constitute actionable negligence, plaintiff must prove by a fair preponderance of the evidence that not only was there a lack of care, but such lack of care as amounts to a breach of duty owed to plaintiff. The duty of care that defendant owed to its self-service customers was to carefully pile or stack its cans upon a counter so that they would not topple over if a person using due care attempted to take a can from the top of the stack. There is no positive evidence that the cans were negligently stacked. Under each level of cans defendant had placed a cardboard to provide a supporting base for the cans above it but there is no evidence as to the thickness of the cardboard. There is no evidence that the cans were permitted to exist in disorder as the result of any action by other customers of the store. Plaintiff testified that "the cans looked straight to me, right across. . . . I didn't see anything wrong". And yet the two cans below the one which she lifted off the top of the stack,

fell and it is undisputed that one of the falling cans struck and injured her leg.

This is not a case which comes within the doctrine of res ipsa loquitur. It is incumbent upon plaintiff to show the violation of some duty of care that defendant owed her. Negligence is never presumed, but if the circumstance of the case amounts to evidence from which it may be inferred by a jury that the accident was caused by a lack of care that defendant owed to plaintiff the case is properly one for the jury: Durning et al. v. Hyman, 286 Pa. 376, 380. Where cans fall from a pile of cans due to no negligence on the part of a customer, the jury may infer that they were negligently stacked by defendant. While this is a narrow case, it cannot be contended that an ordinary customer in a store has the same knowledge of the proper stacking of cans as one whose business it is to see that they are properly and carefully stacked. It is not reasonable to believe that these cans fell from no reason at all, or that they would have fallen if they had been properly stacked. As Mr. Chief Justice Maxey said in Skeen et vir v. Stanley Company of America, 362 Pa. 174, 176: "The rebuttal of this natural inference was a duty the circumstances cast upon the defendant." There is an absence of such exculpatory evidence. On page 178 of the same opinion Mr. Justice Maxey said:

"In the Durning case we quoted with approval the following from Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, 504: ' "When the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident rose from want of care." ' We also therein cited Zahniser v. Penna. Torpedo Co. 190

Pa. 350, 353, 42 A. 707, for the proposition that while negligence is not presumed, 'the circumstances (may) amount to evidence from which it may be inferred by the jury.' We added: 'The defendant, in such instances, is called upon to show, not necessarily the cause of the accident, but that he exercised due care to prevent harm.' "

Where plaintiff has shown facts to the effect that these cans fell from a pile erected and under the control of the owner of a store, and that she was careful in her conduct in taking one of the cans, the burden logically shifts to defendant to show that it was not responsible either through its acts or through its neglect for the falling of the cans which injured the leg of plaintiff.

### Order

And now, to wit, April 25, 1950, defendant's motion for judgment n. o. v. is discharged.