## Richmond

ELMER JAMISON v. CLAUDE RICHARDSON.

June 18, 1956.

Record No. 4509.

Present, All the Justices.

The opinion states the case.

*John R. Boggess* and *Hubert Peery*, for the plaintiff in error.

*Carl C. Gillespie* (*Crockett & Gillespie*, on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff, Elmer Jamison, brought this action for damages for injuries suffered by him when he attempted to alight from the back end of a standing truck and was struck by a car which ran into the

rear of the truck. The suit was against Claude Richardson, operator of the truck, and Peery Richardson, the operator of the car. At the conclusion of the plaintiff's evidence the court struck it out as to Claude Richardson and the jury accordingly returned a verdict in his favor, but found for the plaintiff against Peery Richardson, who made no defense and did not appear.

The only question presented is whether the court erred in striking out the evidence as to Claude Richardson.

The accident happened in daylight, about 6 a. m., August 17, 1953, on U. S. Highway 460 a short distance north of the village of Raven, in Tazewell county. The plaintiff, who lived near the place of the accident, was employed by a coal company in Buchanan county, some miles to the north of Raven, and had an arrangement with Claude Richardson to ride to work in the latter's pickup truck at a dollar a day.

On this morning the plaintiff was waiting for Claude Richardson to pick him up at a place on the side of the road previously agreed upon. It was raining slightly at the time and the plaintiff and two other men were sitting under a shelving rock on the east side of the road and about opposite a side road which led from the west side of No. 460 down to a mining camp where the plaintiff lived. While they were sitting there Richardson drove up, going north, and stopped his truck on his right of the road, which was a two-lane highway, with all four wheels on the hard surface. In the front of the truck were Bazzle Miller and his son, and another passenger was in the rear. When the truck stopped the plaintiff went to the back of it, climbed in and sat down or partly sat down. As he did so he noticed two cans of milk which Bazzle Miller had brought to him in a box in the truck bed two or three feet from the rear of the truck, and he decided to put the milk out on the bank of the road so his wife could get it.

He testified: "I got out and turned around and had a hold of the end gate of the truck and turned around on the bumper and started to let one foot down. I don't remember whether I had got it plumb to the ground or partly down, or had both feet on the bumper. I know I had one foot on the bumper, holding to the end gate, going down, and the other car got me."

He explained that at that time the Peery Richardson car ran into the back end of the truck, caught his legs and broke them both below the knees. He did not, he said, pick up the milk; "I never did get hold of it. I got on the bumper and turned around to get it."

He did not see the Peery Richardson car that struck him. Neither did he see a large coal truck that was in front of the Peery Richardson car. This truck, as it approached, gave a signal and passed around to the left of the Claude Richardson truck. Peery Richardson, following this truck "not too close," with the thought perhaps that the coal truck would turn down the side road, drove straight ahead and against the back end of the Claude Richardson truck.

U. S. 460 was upgrade from Raven north as the three vehicles were traveling. The plaintiff testified that he could have seen down the road toward Raven for three hundred to four hundred yards. He was asked whether he looked as he was getting out of the truck. He answered, "Yes, sir. I could not keep from seeing, don't look like, when I was coming out straight—looking down the road." Then he was asked and he answered as follows:

Q. "If you were looking, why didn't you see it?

A. "Probably it was not there, because he had been there two or three minutes, and he could come up while I had my back turned.

Q. "I am talking about when you say you were getting out of that truck. I want to know if you looked down the road when you got out of that truck?

A. "I don't remember whether I did or didn't.

Q. "As a matter of fact, you didn't or you would have seen the truck, because the car hit you just about the time you got one foot on the ground, is that not right?

A. "I guess that is right."

Plaintiff's only other material witness was sitting beside the road with the plaintiff just before the accident. He testified that Claude Richardson pulled up in his truck, stopped and plaintiff got in; "then after he got in the truck he got out to get some milk and the car hit him." He further testified that when the plaintiff got in the truck he, the witness, saw this big coal truck coming up the hill and after it went around the Richardson truck he saw the Peery Richardson car coming up the hill; that there was nothing between the Richardson truck and the coal truck to keep the plaintiff from seeing it, and that after the coal truck passed there was nothing to keep the plaintiff from seeing the Peery Richardson car coming except that he had his back turned to it; that if the plaintiff had been looking there was nothing to keep him from seeing the truck and the car, and nothing to keep Peery Richardson from seeing the Claude Richardson truck and the plaintiff if he had been looking.

Section 46-256 of the Code provides: "No vehicle shall be stopped in such a manner as to impede or render dangerous the use of the highway by others," except in the case of an emergency which did not here exist.

Code § 46-257 provides: "No truck or bus or part thereof shall be stopped on the traveled portion of any highway for the purpose of taking on or discharging cargo or passengers unless the operator cannot leave the traveled portion of the highway with safety."

Both of these statutes are safety measures, designed to prevent accidents and to protect the person and property of those using the highways. It is conceded by the defendant that he was guilty of negligence in violating one or both of these statutes. See *Crist* v. *Fitzgerald*, 189 Va. 109, 118, 52 S. E. 2d 145, 148.

The defendant based his motion to strike the plaintiff's evidence on the grounds (1) that plaintiff was guilty of contributory negligence as a matter of law; (2) that the plaintiff assumed the risk; and (3) that the defendant's negligence was not the proximate cause of the accident. It does not appear on which or whether on all of these grounds the court based its ruling.

The plaintiff was a paying passenger to whom the defendant owed the duty of ordinary care. *Miller* v. *Ellis*, 188 Va. 207, 208, 49 S. E. 2d 273, 274; *Dickerson* v. *Miller*, 196 Va. 659, 661, 85 S. E. 2d 275, 276. Defendant was not a common carrier charged with the duty of exercising the highest degree of care for the safety of passengers, as was true in the cases of *Tri-State Coach Corp.* v. *Stidham*, 191 Va. 790, 62 S. E. 2d 894, and *Cleveland* v. *Danville, Etc., Co.*, 179 Va. 256, 18 S. E. 2d 913, cited by the plaintiff.

But whether the defendant be a private carrier or a common carrier, the fact that the plaintiff is a passenger does not relieve him of the duty of taking reasonable care for his own safety, and a carrier cannot be held responsible for injuries to a passenger whose conduct in voluntarily and unnecessarily placing himself in a position of danger is a proximate cause of his injuries. 3 Mich. Jur., Carriers, § 62, p. 758.

We applied this principle in the recent case of *Eggleston* v. *Broadway, Etc., Corp.*, 194 Va. 584, 74 S. E. 2d 212. There the plaintiff, a passenger in a taxicab, could have alighted either on the street side or the sidewalk side and chose to get out on the street side. She did not see the approaching car which struck the open door of the cab and caused her injury. We held that the plaintiff was guilty of contributory negligence as a matter of law because she failed to ex-

ercise care commensurate with the danger and hazards incident to such an undertaking. In the opinion it was said:

"\* \* \* The only legal rule applicable to such a situation is that when one undertakes to get out of a vehicle on the street side and upon that portion of the thoroughfare that is open to and used by other vehicles, he must observe and use that degree of care that an ordinarily prudent man would exercise under the existing circumstances. In so doing, it is incumbent upon him to exercise ordinary care to look for approaching traffic and heed such as is open to ordinary observation and dangerously near. If it be conclusively shown that he has failed in this respect and thus contributed to being struck by a vehicle moving along the street, he is barred from recovery. \* \* \*." 194 Va. at 588, 74 S. E. 2d at 214.

■ In the present case the plaintiff's evidence shows without conflict and without any reasonable inference to the contrary that he undertook to get out of the back end of the truck which was stopped on the hard surface of the highway in the lane of vehicles going in the direction the truck was headed, in violation of the law, and in a situation of danger as obvious to the plaintiff as it was to the defendant. He lived near the road and says in his brief that the defendant's truck was parked "on the traveled portion of a thickly congested highway." Yet with this knowledge he undertook to get out right in the path of the approaching coal truck, which turned aside, and the car of Peery Richardson following it, which did not turn aside, both in plain view. He did not see them either because he failed "to exercise ordinary care to look for approaching traffic," or failed to heed that which was "open to ordinary observation and dangerously near."

As said in *Nehi Bottling Co.* v. *Lambert*, 196 Va. 949, 958, 86 S. E. 2d 156, 161: "Plaintiff either failed to look when looking would have been effective, or he failed to heed when he saw or should have seen." He simply turned his back to the direction from which the coal truck and the car were approaching and, heedless of the danger, was reaching or preparing to reach into the bed of the truck to get the cans of milk. The conclusion is necessary, we think, that his rash act was negligence which at the least proximately contributed to his injuries.

In the case of *Steiner* v. *Muldrew*, 114 W. Va. 801, 803, 173 S. E. 891, 892, a similar act on the part of the plaintiff there was held to be primary negligence independently of the defendant's negligence.

The defendant in that case parked his car on the highway in violation of a statute and directed the plaintiff to remove a tire from the rear of the vehicle. While he was doing that another car crashed into the back of the defendant's car, pinning the plaintiff between them. The court said:

"* * * The plaintiff's act in going to the rear of the automobile for that purpose and exposing himself to a peril that he, along with the defendant, must have had capacity to foresee, was an act of negligence independent of whatever the defendant may have done up to that time. * * *."

It is not a sufficient answer to say, as the plaintiff here does, that the negligence of the plaintiff was not a contributing cause of the accident because the Peery Richardson car would have run into the rear end of the Claude Richardson truck anyway and the plaintiff's looking back would not have stopped it. The controlling fact is that the plaintiff's looking would or should have stopped him and kept him from putting himself in the position which resulted in the injuries for which he brought this suit. Whether he would have been injured in some way if he had not negligently placed himself between the two vehicles is, of course, speculative; but the evidence indicates, if it does not establish, that the proper speculation would be that he would not have been injured. He was asked, "You do know this, you were in a place of safety when you were in that truck, were you not?" He answered, "Well, I guess I was, so long as I stayed in it." It was not suggested by the evidence that any other person in the truck was injured. Plaintiff's witness testified that the truck was not knocked any distance by the impact that he knew of; and that after the collision Claude Richardson started to pull up and the plaintiff called to him to stop. The plaintiff said that an occupant of the rear of the truck helped to hold him up to prevent letting weight down on his legs.

In view of our conclusion that as a matter of law the plaintiff was guilty of contributory negligence that barred any recovery by him against the defendant Claude Richardson, it is not necessary to decide the other two points relied on by the defendant in support of the court's ruling; *viz.*, that the plaintiff assumed the risk and that the defendant's negligence was not the proximate cause of the accident.

The judgment below is

*Affirmed.*