## Cohen et vir, Appellants, *v.* Penn Fruit Company, Inc.

Argued March 21, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Norman Shigon,* for appellants.

*Samuel Kagle,* with him *Oscar Brown,* for appellee.

OPINION BY MONTGOMERY, J., April 13, 1960:

These two appeals are from judgments entered in favor of the appellee (defendant) in the Municipal Court of Philadelphia County after a trial without a jury before the Hon. JOHN ROBERT JONES, J.

The actions below were in trespass for personal injuries sustained by Miriam Cohen as a result of a can of fruit juice falling and striking the small toe of her right foot. Appellants are husband and wife.

In lieu of printing the record of testimony, the following agreed statement of facts has been filed, viz. (as limited to the occurrence):

"On October 6, 1958, about 10:30 a.m., Miriam Cohen, accompanied by her sister, Mrs. Sims, did her weekly shopping at defendant's self-service store located at Castor Avenue and Magee Street in Philadelphia. Each utilized a shopping cart into which they placed merchandise selected from the shelves and counters. They entered the aisle where juices were displayed. Mrs. Sims preceded plaintiff. The juices were displayed on shelves on three levels. The fruit juices were segregated from the vegetable juices by a 'separator'. The fruit juices were to plaintiff's left, and the vegetable juices were to her right. She reached for a jar of tomato juice on the second shelf and a can of pineapple juice, which was to her left, struck the 'last toe of her right foot'. She did not see the can fall. The can was seven inches high and contained forty-six ounces of fluid.

"Mrs. Sims testified that as she passed the juice shelves she noticed that the cans were 'disarranged . . . they were stacked one on top of the other'.

"Plaintiff testified 'the cans were in a pyramid form . . . one can in between two but it didn't come to a point'. Other customers were shopping in the aisle at the time, and plaintiff was obliged to wait until another shopper left the shelf before she could obtain the tomato juice."

On these facts the trial judge concluded that:

(1) there is no evidence of negligence chargeable against the defendant;

(2) the principle or rule of *res ipsa loquitur* does not apply; and

(3) the doctrine of exclusive control does not apply for the reason that the evidence of the cause of the accident is not equally available to both parties but is peculiarly and exclusively accessible to and within the possession of the plaintiff, not the defendant.

Although the defendant offered no evidence, in view of the agreed statement of facts it is unnecessary to discuss the rights of the trial judge in accepting or rejecting plaintiff's evidence *in toto*.

The doctrine of *res ipsa loquitur* has no application in cases involving injuries to an invitee of a storekeeper. *DeClerico v. Gimbel Bros., Inc.,* 160 Pa. Superior Ct. 197, 50 A. 2d 716; *Rogers v. Horn & Hardart Baking Co.,* 183 Pa. Superior Ct. 83, 127 A. 2d 762. Therefore, the negligence of the storekeeper must be established by evidence or inferred under recognized circumstances as "When the thing which causes the injury is shown to be under the management of the defendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from want of care." *Miller v. Hickey,* 368 Pa. 317, 81 A. 2d 910; *Jones v. Sanitary Market Co.,* 185 Pa. Superior Ct. 163, 137 A. 2d 859;

*Angelelli et al. v. Albert J. Mansmann Co.,* 168 Pa. Superior Ct. 275, 77 A. 2d 678.

As a necessary basis for the application of the exclusive control doctrine, it must appear that the negligent cause or thing which produced the injury was wholly and exclusively in the possession and under the control or management of the defendant or his agents. Although such control does not necessarily mean actual physical control but rather the right to such control, where either access to superior knowledge or the evidence does not exclude the possibility of an intervening fault, the plaintiff is not entitled to benefit from the exclusive control doctrine. The stack of cans from which the plaintiff claims the injuring can fell was in full view of the customers, who would have just as much knowledge of the cause of such a fall as the storekeeper. As a practical matter, the customer standing in front of the counter with an unobstructed view should be in a better position than anyone else to know the cause of the fall. It is a well-known fact that it is the habit of customers in self-service stores to pick up and handle merchandise displayed upon the counters, and the agreed facts set forth that at the time of the accident there were other customers near the counter. It would be equally as reasonable to infer that some prior customer without the defendant's knowledge caused the stack of cans to become disarranged and in a position to topple as that the employees of the store had originally arranged the display negligently.

The defendant did not have such superior knowledge or control at the time of the injury to Mrs. Cohen. No employee of the defendant was handling the cans in the area at the time; none was even near them. Therefore, unless it can be said that the defendant is to be charged with responsibility for all of the merchandise from the time it places them on the display

racks subject to handling by any customers who may wish to examine them until the time they are brought to the cashier's counter for the purpose of payment, the exclusive control doctrine has no application. We deem such a burden to be unreasonable and unrealistic since it would make every displayer of wares and merchandise for sale an insurer against accidents caused by their movement regardless of the cause.

This case must rest on the general principle that the plaintiff must meet the burden of proving that the can fell because of defendant's negligence either in arranging the cans in a dangerous position or in failing to use due care to determine that the displays had become dangerous by the handling of the same, which might reasonably be expected of the customers, and thereafter failing to correct the situation.

The trial judge has found that the plaintiff did not meet this burden and we cannot say that he erred in his finding. There is no evidence to show from where the particular can which struck Mrs. Cohen came. She did not see it fall. Although the fruit juices were to her left, she was struck on the right foot. There were three shelves and, although she reached for a jar of tomato juice on the second shelf, she cannot say from which shelf the can fell, if from any. It very well could have been dropped by a customer or fallen from a cart being pushed by a customer. Further, although the cans she saw were ". . . in a pyramid form . . . one can in between two but it didn't come to a point", whereas Mrs. Simms, her sister, said that the cans were "disarranged . . . they were stacked one on top of the other", neither said that the stacks appeared dangerous or that there was a likelihood of their falling off the shelf.

Again, from what shelf did the can fall which struck and injured Mrs. Cohen? Since the ladies saw differ-

ent arrangements, to which shelves were they referring? Lastly, if the arrangement of the cans did not appear dangerous to Mrs. Cohen and Mrs. Simms, why should the defendant be charged with notice of a dangerous condition?

The appellants in their brief rely on the following cases, which we consider to be distinguishable on their facts. In *Loch v. Confair*, 372 Pa. 212, 93 A. 2d 451, an injury was sustained when a bottle of carbonated beverage exploded when it was lifted from the shelf. This is clearly distinguishable from the instant case since the storekeeper would have superior knowledge as to the cause of such explosion of which the customer could not possibly be aware. *Francois v. American Stores Co.*, N. J. App. Div. (1957), 134 A. 2d 799, where cans of merchandise had been packed on top of packing cases just before the accident and at least three dozen cans toppled from their places, differs from the instant case in that there was not sufficient time for any intervening agent to alter the arrangement of the display between the defendant's stacking and the accident. The New Jersey courts applied the doctrine of *res ipsa loquitur*, which has been repeatedly rejected by Pennsylvania in this type of situation. The decision in *Safe-Way v. Leake*, M. C. Dist. of C. (1959), 147 A. 2d 439, was predicated on the failure of the defendant to provide a "reacher" for merchandise stacked out of the customer's normal reach and has no applicability to the facts in this case. *Baily et ux. v. American Stores Co.*, 71 Pa. D. & C. 613, is completely different from the instant case in that all the facts as to causation are established. The can in that case fell when the plaintiff removed the can above it which apparently had been serving as an anchor or brace and thereby gave an inference of negligent stacking by the defendant. In the instant case the appellant claims the can fell from a completely different

and disconnected stack from the one from which she had selected her purchase.

Because there are so many uncertainties in the plaintiff's case and because several possibilities of the cause of the accident were indicated but none clearly shown, a verdict in the plaintiff's favor would not be tenable since it is the burden of the plaintiff to individuate that cause for which the defendant is liable. *Foley v. Pittsburgh-Des Moines Co.*, 363 Pa. 1, 68 A. 2d 517; *Lott v. Peoples Natural Gas Co.*, 324 Pa. 517, 188 A. 582, 585.

Judgments affirmed.