## Staunton

JEANNE MURPHY v. J. L. SAUNDERS, INCORPORATED.

September 8, 1961.

Record No. 5262.

Present, Eggleston, C. J., and Buchanan, Whittle, I'Anson and Carrico, JJ.

The opinion states the case.

*Morris H. Fine* (*Jerrold G. Weinberg*, on brief), for the plaintiff in error.

*Robert G. Winters* (*Pilcher, Underwood, Pilcher & Winters*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

■ Mrs. Murphy filed a motion for judgment seeking damages for personal injuries allegedly caused by the negligence of J. L. Saunders,

Incorporated, the operator of a super food market known as "Be-Lo Market".

Plaintiff was the only witness to testify regarding the accident. It was agreed between counsel that no medical evidence would be placed before the jury until the court passed upon defendant's anticipated motion to strike plaintiff's evidence. Accordingly, after plaintiff's testimony, defendant made a motion to strike, which the court sustained and entered summary judgment for the defendant. We granted Mrs. Murphy a writ of error.

It is agreed that the sole question before us is: Did the court err in striking plaintiff's evidence and entering summary judgment for the defendant?

The motion for judgment alleged "that as the result of the negligence of the defendant certain cans of juice fell on the plaintiff" as a proximate result of which she suffered injuries. In answering the motion for judgment the defendant denied any negligence on its part and prayed for a bill of particulars. The bill of particulars asserted that the defendant was guilty of the following acts of negligence:

"(a) The negligent stacking on top of one another of small circumference juice cans not in line with one another.

"(b) The negligent stacking of small circumference juice cans in tall stacks.

"(c) The negligent stacking of small circumference juice cans on unstable shelving.

"(d) The negligent stacking of cans out of the reach of the plaintiff.

"(e) The negligent failure to provide a ladder so that the plaintiff could safely reach the cans in question which were placed out of her reach.

"(f) Other acts of negligence as may appear during the course of the trial of this case."

The facts, stated in the light most favorable to the plaintiff, show that Mrs. Murphy, a fifty-four-year-old nurse, entered the Be-Lo Market in the city of Norfolk where she had gone "to do a little purchasing" and had "picked up a couple of things" when she went to the juice counter to get a can of lemon juice. The juice cans which were on the top shelf stacked "four or five cans tall" were over the head of the plaintiff who is five feet one inch in height. She saw she would have difficulty in reaching the lemon juice so "she braced herself" by putting her left hand on the top shelf while standing on the

floor; her left hand with which she braced herself "was just about two and a half feet away from the lemon juice." Before her right hand came in contact with the lemon juice can for which she was reaching she felt a "thud" on her left hand. She immediately pulled her left hand away and saw that a can of V-8 juice from the top shelf had fallen on her hand. She never touched the V-8 cans which contained six ounces of juice. Prior to the accident she had not noticed how the V-8 cans were stacked as she "was just going to get a can of lemon juice", but after the cans had fallen and her left hand was injured by a falling can she noticed that these cans "were stacked four and five tall." A six-ounce can of V-8 juice (2 2/10 inches in diameter and 4 inches tall) was introduced in evidence.

Plaintiff testified in response to her counsel's questions:

"Q. Then what happened?

"A. Well, I saw that I could not reach it exactly that way, so with my left hand I braced myself on the shelf, and as I reached for the can of lemon juice, before this hand got in contact with the juice I felt this thud on this hand (left). I immediately pulled it away. I noticed that these cans of V-8 had fallen, which were at least three feet away from the lemon juice, which my hand had never touched. I pulled my hand away and noticed the finger begin to swell right away. * * *

"Q. Did you see these cans stacked?

"A. Yes. They were stacked four and five tall, one on top of the other.

"Q. Did you see them before you reached for the lemon juice can?

"A. I never had occasion to notice. I was just going to get a can of lemon juice. But, I never noticed how they were stacked then. But, after this fell on my hand, then I noticed these cans had fallen. They fell to the right. They didn't fall that way; they fell this way, where my hand was. No lemon juice cans had fallen. Nothing had fallen on that side at all. It was just about two and a half feet away from the lemon juice that they had fallen on my hand. * * *"

Neither the height of the shelving nor its construction is disclosed in the evidence; nor is it definitely shown why Mrs. Murphy had to brace herself "on the shelf" and reach for the can of lemon juice.

Plaintiff contends that as her evidence shows the cans of V-8 juice were "stacked four and five high and that they fell", this gives rise to a presumption that the cans were negligently stacked.

In order to draw this presumption the doctrine of *res ipsa loquitur*

must be invoked. It is not contended that this doctrine is applicable. It is conceded that the items here involved were not in the exclusive control of the defendant but were accessible to customers who could disarrange them.

Plaintiff's own testimony shows that she did not observe the V-8 cans before they fell. In order for a jury to find that the cans were negligently stacked it would be necessary for it to enter the realm of speculation and conjecture. There is as much possibility that the weight placed upon the shelf by Mrs. Murphy when she "braced herself" caused the cans to fall as that the cans fell from improper stacking. The only evidence here is that the cans fell, and this in itself does not give rise to the presumption that they were negligently stacked.

Plaintiff relies heavily upon the annotation in 20 A.L.R. 2d, page 95, dealing with "Liability for injury to customer or other invitee in store by falling of displayed, stored, or piled objects." In the summary to this annotation (page 97) it is said: "(T)he storekeeper is liable only for the acts of himself or his agents and employees, and recovery has been denied where it appeared equally probable that the fall of the goods was caused by something other than the defendant's negligence."

This annotation refers to the New Jersey cases relied on by the plaintiff. The case of *Cohen* v. *Penn Fruit Co.*, 192 Pa. Superior Ct. 244, 250, 251, 159 A. 2d 558, 561, reviews the New Jersey doctrine, and in a review of the case of *Francois* v. *American Stores Co.*, 46 N. J. Super. 394, 134 A. 2d 799, it is said:

"The New Jersey courts applied the doctrine of *res ipsa loquitur*, which has been repeatedly rejected by Pennsylvania in this type of situation."

The opinion in the *Cohen* case, continuing, says:

"In the instant case the appellant claims the can fell from a completely different and disconnected stack from the one from which she had selected her purchase.

"Because there are so many uncertainties in the plaintiff's case and because several possibilities of the cause of the accident were indicated but none clearly shown, a verdict in the plaintiff's favor would not be tenable since it is the burden of the plaintiff to individuate that cause for which the defendant is liable. *Foley* v. *Pittsburgh-Des Moines Co.*, 363 Pa. 1, 68 A. 2d 517; *Lott* v. *Peoples Natural Gas Co.*, 324 Pa. 517, 188 A. 582, 585."

See also 38 Am. Jur., Negligence, §§ 299, 300, pp. 995, 996.

■ While the factual situation in the instant case is one of first impression in Virginia, our reasoning in other negligence cases controls the situation here. The rule adhered to in Virginia is that in personal injury actions such as this, negligence cannot be presumed from the mere happening of the accident. The burden is upon the plaintiff to prove that the accident was due to the negligence of the defendant as a proximate cause. What is proved must establish more than a probability of negligence. Inferences must be based on facts, not on presumptions. It is incumbent upon the plaintiff to show why and how the accident happened. If that is left to conjecture, guess or random judgment, the plaintiff is not entitled to recover. *Guthrie* v. *Carter*, 190 Va. 354, 358, 57 S. E. 2d 45, 46; *Beer Distributors, Inc.* v. *Winfree*, 190 Va. 521, 524, 525, 57 S. E. 2d 902, 903; *Holland* v. *Harrell*, 190 Va. 613, 618, 58 S. E. 2d 1, 3; *Robey* v. *Richmond Coca-Cola Bot. Wks.*, 192 Va. 192, 197, 198, 64 S. E. 2d 723, 726, 727; *Barnes* v. *Barnes, Adm'r.*, 199 Va. 903, 906, 907, 103 S. E. 2d 199, 201.

The defendant was not an insurer of plaintiff's safety. The measure of defendant's duty to plaintiff was that of ordinary care. *Jamison* v. *Richardson*, 198 Va. 190, 193, 93 S. E. 2d 140, 143.

We agree with the lower court that no actionable negligence has been proved, and the judgment is

*Affirmed.*

Eggleston, C. J., and I'Anson, J., dissenting.

Eggleston, C. J., dissenting:

In my opinion, the undisputed evidence submitted by the plaintiff presented a question for the jury as to whether these cans had been stacked in a hazardous and negligent manner.

The majority opinion states: "The only evidence here is that the cans fell, and this in itself does not give rise to the presumption that they were negligently stacked." I agree that the fact that the cans fell raises no presumption that they were negligently stacked and the plaintiff makes no such contention. But her evidence goes beyond proving merely that "the cans fell." She not only proved that, but also that they were "stacked four and five tall, one on top of the other," and that they extended above her head. She also introduced in evidence one of the cans, which the majority opinion states is 4 inches tall and has a base diameter of only 2.2 inches.

The plaintiff further testified that she "never touched" the stack of cans from which the dislodged can fell. Nor is there any evidence to support the suggestion in the majority opinion of the "possibility" that when she "braced" herself she caused the can to fall.

As I read the plaintiff's pleadings and brief she does not make the contention attributed to her in the majority opinion that the fact that the cans were stacked in the manner described and that they fell, gives "rise to the presumption that they were negligently stacked." Her case is not grounded on a presumption of negligence. As stated in her brief, her case is that an inspection of the can introduced in evidence "is enough to satisfy reasonable minds that the stacking of such cans four and five in height constitutes a hazardous and dangerous condition as to innocent customers passing nearby." I agree with the plaintiff that the jury had the right to determine from an inspection of these cans and a consideration of their size, type and character whether it was negligence on the part of the storekeeper to stack them in the manner described by her. This is a simple issue which may be easily resolved by jurors endowed with average intelligence and common sense.

It is a matter of common knowledge that articles of this size, character and type may not be securely "stacked four and five tall, one on top of the other." Juries as well as courts take judicial notice of such matters of common knowledge and hence they need not be proven. 20 Am. Jur., Evidence, § 28, p. 55.

I would reverse the judgment and remand the case for a trial on the merits.

JUSTICE I'ANSON joins in this dissent.