## CIRCUIT COURT OF LOUDOUN COUNTY

David Thomas
and Judith Thomas,
Personal Representatives
of the Estate of
Michael David Thomas

v.

Christopher D. Settle
and Robert L. Betson, Sr.

July 24, 1992

Case No. (Law) 11244

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Motion for Judgment Notwithstanding the Verdict ("the Motion") filed by the Defendants. The Court heard oral argument on June 11, 1992, and has considered the memoranda filed by counsel.

The Motion is granted because I am of the opinion that the decedent, Michael David Thomas, ("Michael") was negligent in that he violated § 46.1–248(a) when he stopped or slowed his vehicle on Route 7. Section 46.1–248(a), which is the predecessor of present § 46.2–888 (effective October 1, 1989), was the applicable statute in effect at the time of the accident on August 30, 1989.

The Defendants raised other issues in the Motion. Although, in light of the finding of the statutory violation, they might not need to be addressed, I feel that they should for a full ruling on all aspects of the motion.

Each reason or ground for the Motion is addressed below.

I. *Violation of Section 46.1–248(a) Constituted Negligence Per Se*

The pertinent part of § 46.1–248(a) provided as follows:

> No vehicle shall be stopped in such a manner as to impede or render dangerous the use of the highway by others, except in the case of an emergency as the result of an accident or mechanical breakdown, in which case the emergency flashing lights of such vehicle shall be turned on if the vehicle is equipped with such lights and such lights are operating . . . .

The statute is a safety measure designed to prevent accidents and to protect those persons using the highway. *Jamison v. Richardson*, 198 Va. 190, 193 (1956) (construing § 46–256, a predecessor to § 46.1–248). Any statements I may have made during the course of the trial as to the purpose of the statute are specifically withdrawn, overruled or reversed. Certainly violation of this statute would be negligence per se. *See, Birtcherd Dairy v. Edwards*, 197 Va. 830, 833 (1956).

Although the statute uses the word "stopped", the Virginia Supreme Court has ruled that it includes a vehicle that has stopped or is moving slowly. *Saunders and Rittenhouse v. Bulluck*, 208 Va. 551, 558 (1968).

The evidence at trial was that Michael had either stopped or was moving slowly (no witness placed his speed at more than ten miles per hour) at the time of the collision in the left hand lane of a four lane divided highway with a 55 mile per hour speed limit. Although there was some evidence that Michael might have been trying to get off the highway, the evidence is clear that the impact occurred on the highway in the lane in which Michael was travelling. Reasonable persons could come to no other conclusion than that such stopping or slowing was in a manner as to impede or render dangerous the use of the highway by others.

Also, I am of the opinion that the evidence presented does not, even in the light most favorable to the Plaintiffs, show that Michael's stopping or slowing falls within the statutory exception for an emergency. I agree with the argument made by the Defendants in their Memorandum Supporting Michael Thomas' Contributory Negligence as a Matter of Law that Michael was not confronted with an emergency whether it be under a general definition, i.e. a sudden, unexpected happening, or under either of the two specific causes of an emergency as recited in § 46.1–248. Clearly, Michael was not stopped or slowing down as a result of an accident. Plaintiff's counsel conceded that Michael did so because he ran out of gas. Further,

there was no evidence of any mechanical breakdown of Michael's vehicle. For the reasons I stated during the trial and the reasons stated in the aforesaid Memorandum, I feel that running out of gas is not a mechanical breakdown.

For the foregoing reasons, Michael was contributorily negligent (negligent per se in violation of § 46.1–248); and, therefore, the Defendants are entitled to judgment notwithstanding the jury's verdict.

## II. *Violation of Common Law Duty to Avoid Obstructing Highway*

Although the Defendants in their Memorandum referred to above make a good argument that Michael's running out of gas under the circumstances of this case was negligence as a matter of law, I feel that it was a question for the jury to decide.

## III. *Negligence Standard Applied to a Minor Operating a Motor Vehicle*

The Defendants argue that the Court erred in instructing the jury that the "standard by which Michael's conduct (as a motor vehicle driver) is to be measured is that of a reasonable person of like age, intelligence and experience." Instruction No. 15. This instruction was based on Virginia cases involving the alleged negligence of a minor in non-driving situations. I feel that the standard for any driver, regardless of his age, is the same, i.e. a reasonable prudent person under the circumstances. The circumstances would include the driver's age, intelligence, experience, maturity and capacity.

The instruction granted is patterned upon the model instruction as to the negligence of a minor over the age of fourteen. But the model instruction is based on cases where the minor alleged to be negligent was engaged in an activity that was not an activity for which one needs a license or an activity performed primarily by adults. As a result, I feel that I erred in giving Instruction No. 16 because it can be construed to tell the jury to measure Michael's conduct by that of a person of the same age, intelligence and experience.

## IV. *Inclusion of the Emergency Exception with the Instruction on Michael's Statutory Duty Not to Stop on the Highway*

For the reasons stated in (I) above, I must concede that I erred in including the emergency exception in the instruction concerning Michael's duty not to stop on the highway. See Instruction No. 16. I agree with the reasoning of the Defendants in Section II of their Memorandum Respecting Jury Instructions.

## V. *Instruction that Michael was Negligent as a Matter of Law*

For the reasons stated in (I) above, Michael was negligent per se, but not negligent as a violation of a common law duty. Hence, I might have erred in not instructing the jury that Michael was negligent per se, but that is beside the point because the plaintiffs' evidence should have been stricken on that basis.

As stated in (II) above, the question of Michael's negligence as a violation of common law duty was a jury question. Therefore, there would be no need to instruct the jury that Michael was negligent as a matter of law for violation of his common law duty.

## VI. *Other Instructions Relating to the Duties of Michael*

For the reasons stated in the Defendants' Memorandum Respecting Jury Instructions, I am of the opinion that I erred in failing to instruct the jury that Michael had a common law duty to exercise ordinary care not to obstruct a highway and that Michael had a duty to turn on the emergency flashing lights of his vehicle. I agree with the Defendants that they are entitled to the benefit of a presumption that the emergency flashers were operable at the time of the accident because no contrary evidence was introduced.

## VII. *Conclusion*

The Defendants are entitled to judgment notwithstanding the verdict because Michael was negligent per se in that he violated the stopping or slowing on the highway provisions of § 46.1–248(a) as in effect at the time of the accident. Even if the Defendants were not granted judgment, they would still have been granted a new trial for the various errors in instructions as set forth above.