**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRIDGET FIELDS,
Plaintiff-Appellee,

v.                                                              No. 97-1493

WAL-MART STORES, INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-96-808-2)

Submitted: March 10, 1998

Decided: March 25, 1998

Before WIDENER, MURNAGHAN, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James C. Lewis, RABINOWITZ, RAFAL, SWARTZ,
TALIAFERRO & GILBERT, Norfolk, Virginia, for Appellant. Chris-
topher C. Trundy, LAW OFFICES OF CHRISTOPHER C.
TRUNDY, New Bedford, Massachusetts, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wal-Mart appeals the jury verdict in favor of plaintiff and attacks the district court's order granting Fields' motion for judgment as a matter of law on the issue of contributory negligence. Fields' civil action alleged that a Wal-Mart employee negligently loaded a furniture item into her shopping cart, which caused the cart to overturn and injure her ankle. We affirm.

In October 1993, Fields and her three-year-old daughter went to a Wal-Mart Store in Norfolk, Virginia, to purchase a chifferobe.[1] Upon entering the store, Fields collected a shopping cart and went to the Home Furnishings Department where she chose the piece of furniture she wanted to purchase. A sign was posted in the furniture department requesting that customers seek assistance from Wal-Mart employees. Fields located a Wal-Mart employee and asked him to assist her in loading the piece of furniture into her shopping cart.[2] The employee placed the box in the cart so that the bottom of the box was in the right corner of the cart at the end where the handle is and the left side of the box hung over the side of the cart.[3] Fields did not instruct the employee on how to load the cart, nor did she know how much the box weighed. Also, Fields was not touching the cart at the time the box was loaded; the cart appeared to be stable.

Once the box was loaded into the cart, Fields pushed the shopping cart from the Home Furnishings Department to the Lay-A-Way Department. Fields did not notice if the box shifted, nor did she notice

_____

[1] Mrs. Fields described this chifferobe as a piece of furniture similar to an entertainment center.
[2] This employee was never identified.
[3] The box was fifty inches long, seventeen inches wide, eight inches deep, and weighed 135 pounds.

2

any instability. Fields stood in line at the Lay-A-Way Department with her hands on the cart until she was called forward by an employee. When Fields took her hands off the cart, the cart began to slide sideways onto her daughter. Fields pushed her daughter aside, and the cart fell on Fields' ankle.

Following the accident, Fields was treated by several doctors and required surgery to remove a nerve in her left foot, which left the last two toes of her left foot permanently numb. Fields also had surgery to alleviate aggravation from scarring after the removal of the nerve.

Fields filed a motion for judgment in the Circuit Court for the City of Norfolk, Virginia, in October 1995 and subsequently removed the action to the district court in August 1996. A jury trial commenced, and at the conclusion of Fields' evidence, Wal-Mart moved for judgment as a matter of law. The court denied the motion and again denied the motion at the conclusion of all the evidence. At the conclusion of all the evidence, Fields moved for judgment as a matter of law on the issue of contributory negligence. The court granted this motion, and the jury then returned a verdict awarding $275,000 to Fields. The final judgment order was entered on March 21, 1997, and Wal-Mart timely appealed.

On appeal, Wal-Mart asserts that the district court erred in granting judgment as a matter of law on the issue of contributory negligence. Wal-Mart claims that the evidence presented at trial created an issue of fact as to whether Fields' conduct "during her trip from the Home Furnishings Department to the Lay-Away-Department" contributed to the instability of the shopping cart.

This court reviews the grant of a judgment as a matter of law de novo. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). In ruling on a motion for judgment as a matter of law, the district court must view the evidence in the light most favorable to the nonmoving party. See Townley v. Norfolk & Western Ry., 887 F.2d 498, 499 (4th Cir. 1989).

Under Virginia law, contributory negligence exists when "a plaintiff fail[s] to act as a reasonable person would have acted for his own safety under the circumstances." Atrip v. E.E. Berry Equip. Co., 397

3

S.E.2d 821, 823-24 (Va. 1990). If the plaintiff was contributorily negligent, then Virginia law bars a plaintiff from recovering in a negligence action if the plaintiff's contributory negligence proximately caused the injury. See Litchford v. Hancock, 352 S.E.2d 335, 337 (Va. 1987). Federal district courts operate under a federal standard when determining the sufficiency of the evidence for submission of the issue of contributory negligence to a jury. See Jones v. Meat Packers Equip. Co., 723 F.2d 370, 372 (4th Cir. 1983). In the absence of evidence, or reasonable inferences that can be drawn from the evidence, disclosing that a plaintiff was negligent, the issue of contributory negligence should not go to the jury. Id.

We find no evidence that Fields engaged in objectively negligent behavior. Fields requested assistance from a store employee who loaded the box into Fields' shopping cart. Fields did not pick up the box or touch it before or after it was loaded into her cart. Fields simply pushed the cart containing the box to the Lay-A-Way Department. There is no evidence that Fields negligently pushed her cart through the store, and Wal-Mart conceded at trial that there was no substantial evidence of contributory negligence. Negligence cannot be presumed simply because an accident occurred. See Murphy v. J.L. Saunders, Inc., 121 S.E.2d 375, 378 (Va. 1961). Accordingly, we affirm the district court's order granting judgment as a matter of law to Fields on the issue of contributory negligence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4