**David L. BABB, Plaintiff,**

v.

**BODDIE–NOELL ENTERPRISES, INC. Defendant.**

**No. CIV.A.98–0038–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Nov. 5, 1998.

Order Denying Reconsideration
Dec. 15, 1998.

F. Rodney Fitzpatrick, F. Rodney Fitpatrick, P.C., Roanoke, VA, for David L. Babb, plaintiff.

Melissa Walker Robinson, Gentry, Locke, Rakes & Moore, Cathleen Kailani Memmer, Gentry, Locke, Rakes & Moore, Roanoke, VA, for Boddie–Noell Enterprises, Inc. dba Hardee's, defendants.

## MEMORANDUM OPINION

TURK, District Judge.

This matter is before the Court on defendant's motion for summary judgment. On January 13, 1996, plaintiff suffered injuries as a result of a slip and fall accident at Boddie–Noell's Hardee's restaurant in Christiansburg, Virginia.

On the day of the accident, plaintiff was delivering bread to Hardee's for his employer, Rainbo Bread. A heavy snow had fallen that morning and during the preceding week. Upon arriving at Hardee's, Babb backed his truck up to the rear door of the restaurant, parked and opened the back door of the truck. There was no mat at the door. After knocking all of the snow off of his boots, plaintiff entered the rear service door to check Hardee's bread rack and determine how much bread was needed. In order to get to the bread rack, located several feet into the restaurant, plaintiff had to walk down a four to five feet wide hallway. Plaintiff testified that he was particularly cautious because the hall floor was always slick due to grease build-up. After seeing how much bread was needed, Babb walked back down the hallway to his truck. He placed the bread on his dolly, delivered it to the bread rack at the end of the hallway and returned to his truck. In these four trips through the hallway, Babb testified that he saw no water on the hall floor. After retrieving several packs of hot dog buns, plaintiff began his fifth trip down the hallway and fell. Plaintiff believes that he hit a mop bucket as he fell. After the fall, he noticed a path of water on the floor and looked up and saw Dennis Pascoe, a Hardee's employee, standing beside a mop bucket. Plaintiff does not know and cannot testify as to why the floor was wet or if anyone had been mopping. Dennis Pascoe testified that mopping is not one of his employment responsibilities and that he was not mopping on the day in question.

Plaintiff filed suit against defendants based on negligence. Plaintiff bases his cause of action on the allegation that the defendant was negligent in failing to have slip resistant floors, failing to provide mats at the entrance to its building, and in allowing wet mopping at the entrance hallway on a snowy wet morning. He also asserts that defendants were negligent in failing to warn him of the dangerous condition of the floor. After review of the record, the applicable law, and the arguments of counsel, the Court finds that defendants are entitled to summary judgment as to plaintiff's claims.

Upon motion for summary judgment, the Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Nguyen v. CNA Corp.*, 44 F.3d 234, 236–7 (4th Cir.1995). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Plaintiff's claims cannot survive defendant's motion for summary judgment. Under Virginia law, to establish a prima facie case of negligence, plaintiff must show some evidence of actual or constructive notice of a dangerous condition on the

part of the defendant, and a failure to reasonably respond to such condition. *Winn–Dixie Stores v. Parker*, 240 Va. 180, 396 S.E.2d 649 (1990). Taking the facts in a light most favorable to plaintiff, there is no evidence as to how the water got on the floor. Plaintiff opines that it is a jury question whether a Hardee's employee was mopping and caused the floor to be wet. However, nothing in the record suggests that anyone connected with Hardee's caused the floor to be wet. Nor can the jury be allowed to speculate that a Hardee's employee must have mopped because the floor was wet after plaintiff fell. *See Id.* at 651; *Murphy v. J.L. Saunders, Inc.*, 202 Va. 913, 121 S.E.2d 375, 377–78 (1961). The water could have gotten on the floor from any number of sources. For example, water could have spilled from the mop bucket when plaintiff hit it during his fall. Plaintiff has failed to establish that defendant caused the water to be on the floor or that defendant had either or actual or constructive notice of the water's presence, thereby failing to make out a prima facie case of negligence.

■ With regard to plaintiff's claim that the floor tile was defective, plaintiff must offer some proof that the product breached an established safety standard which may come from industry, government or consumer expectations. *Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir.1993). Plaintiff has provided no evidence to support his contention that the Hardee's in question violates any applicable building code. Moreover, plaintiff's own expert testified that the tile floor at Hardee's is in commercial use across the country. Plaintiff also suggests that defendant was negligent in failing to provide a mat at the rear entrance to its restaurant. However, he maintains that he did not have snow on his boots and testified that he saw no water on the floor until after his fall. Therefore, according to plaintiff's own testimony, the failure of defendant to provide a mat could not have been the proximate cause of his injuries.

■ Plaintiff is also unable to support his failure to warn claim. Plaintiff testified that he was always cautious at the Hardee's in question because he was aware that the floor was slippery due to grease build-up. In addition, he offers no evidence that defendant caused the floor to be wet or knew of its wet condition. Therefore, defendants are not liable for failure to warn. *See Ashby v. Faison & Associates*, 247 Va. 166, 440 S.E.2d 603 (1994).

Since plaintiff has failed to make out a prima facie case of negligence, this Court must grant defendant's motion for summary judgment.

The Clerk of Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

## ORDER

On November 5, 1998, this Court entered an order granting defendant's motion for summary judgment. On November 20, 1998, plaintiff filed a motion for new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

This Court will treat plaintiff's motion as a motion to reconsider. A motion to reconsider may be filed under Fed.R.Civ.P. 59(e) as a motion to alter or amend the judgment, or under Fed.R.Civ.P. 60(b) as a motion seeking relief from judgment. *See Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996). A Rule 59(e) motion tolls the thirty day period for appeal, while a Rule 60(b) motion does not. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir.1995). In the instant case, plaintiff's motion is a Rule 59(e) motion which must be filed within 10 days after entry of judgment, exclusive of weekends and holidays. Plaintiff's motion was timely filed.

■ On December 10, 1998, this Court heard arguments on plaintiff's motion to reconsider. During the hearing, plaintiff repeated many of the arguments that were made at the initial hearing on the motion

for summary judgment. Although plaintiff correctly points out that the report of Dr. Cindy Snyman, his "slip and fall" expert, cites code violations in reference to the slip resistance of the floor at the Hardee's in question, the expert's brief visual inspection of the floor occurred nearly a year and a half after the accident. In light of plaintiff's expert's deposition testimony that the condition of the floor varies from day to day, her report is not relevant to the condition of the floor on the date of the accident. The fact remains that plaintiff is unable to make out a prima facie case of negligence. After consideration of the arguments of counsel and a review of the record, it is hereby

**ADJUDGED AND ORDERED**

that plaintiff's motion to reconsider is DENIED.

The Clerk of Court is directed to strike this matter from the active docket of the Court and to send certified copies of this Order to all counsel of record for the parties.